

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Jason Goldberg*
*Assistant U.S. Attorney*

JSG/PL AGR
2021R00792

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

April 21, 2025

<u>**VIA EMAIL**</u>
Laura Sayler, Esq.
Office of the Federal Public Defender
District of New Jersey
1002 Broad Street
Newark, New Jersey 07102

CR. 25-514 (ESK)

Re:    <u>Plea Agreement with Glendon Brown</u>

Dear Mr. Sayler:

This letter sets forth the plea agreement between your client, Glendon Brown ("BROWN"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **May 4, 2025**, if it is not accepted in writing by that date. If BROWN does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from BROWN to an Information charging him with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). If BROWN enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against BROWN for his possession of a firearm and ammunition on or about July 3, 2021.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BROWN even if the applicable statute of limitations period for those charges expires after BROWN signs this agreement, and BROWN agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which BROWN agrees to plead guilty in the Information carries a statutory maximum sentence of ten years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon BROWN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BROWN ultimately will receive.

Further, in addition to imposing any other penalty on BROWN, the sentencing judge as part of the sentence:

(1)     will order BROWN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order BROWN to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(3)     must order forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); and

(4)     pursuant to 18 U.S.C. § 3583, may require BROWN to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should BROWN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BROWN may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on BROWN by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BROWN's activities and relevant conduct with respect to this case.

Stipulations

This Office and BROWN will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and BROWN waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Forfeiture

As part of BROWN's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), BROWN agrees to forfeit to the United States

any firearms and ammunition involved in the commission of the offense charged in the Information. Such property includes but is not limited the following items seized on or about July 3, 2021:

- One 9-millimeter SCCY Industries, CPX-1 handgun, bearing serial number 895281 (the "Firearm");

- One magazine; and

- Five rounds of 9-millimeter ammunition (the "Ammunition").

(collectively, the "Specific Property").

BROWN acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation of 18 U.S.C. § 922(g) charged in the Information.

BROWN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), BROWN consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. BROWN understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise BROWN of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. BROWN further understands that BROWN has no right to demand that any forfeiture of BROWN's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. BROWN waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

BROWN also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. BROWN agrees that BROWN will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent BROWN has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. BROWN further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

BROWN further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of BROWN's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

BROWN understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. BROWN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BROWN wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. BROWN understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, BROWN waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. BROWN also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BROWN. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude BROWN from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between BROWN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:    Jason Goldberg
Assistant U.S. Attorney

APPROVED:

Elaine K. Lou
Deputy Chief, Criminal Division

- 6 -

I have received this letter from my attorney, Laura Sayler, Esq. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date: ___4|22|25___
Glendon Brown


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date: ___4/22/2025___
Laura Sayler, Esq.
Counsel for Defendant

- 7 -

Plea Agreement with Glendon Brown

Schedule A

1.      This Office and Glendon Brown ("BROWN") agree to stipulate to the following facts:

a. On or about July 3, 2021, BROWN possessed a 9-millimeter SCCY Industries, CPX-1, bearing serial number 895281 (the "Firearm"), loaded with five rounds of 9-millimeter ammunition (the "Ammunition").

b. The Firearm and Ammunition were manufactured outside the State of New Jersey, and thus traveled in interstate commerce prior to BROWN's possession of the Firearm and Ammunition in New Jersey on or about July 3, 2021;

c. Prior to BROWN's possession of the Firearm and Ammunition on or about July 3, 2021, BROWN had one prior felony conviction of a crime of violence. Specifically, on or about on or about January 5, 2018, BROWN was convicted in the Superior Court of New Jersey, Middlesex County, of first-degree robbery, in violation of N.J.S.A. 2C:15-1a(2), and was sentenced to six years of incarceration and a five-year term of parole supervision

2.      To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3.      The parties agree that a sentence of time-served followed by a term of supervised release of 3 years (the "Stipulated Sentence") is reasonable taking into account all of the factors set forth in 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Sentence will not bind the District Court. The parties agree not to seek any sentence other than the Stipulated Sentence.

4.      If the District Court imposes the Stipulated Sentence:

a.      This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

b.      BROWN will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to

reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

    c.   These waiver provisions, however, do not apply to:

        i.   Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for BROWN's offense of conviction;

        ii.   Any proceeding to revoke the term of supervised release;

        iii.   A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A);

        iv.   An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

    5.   Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.